IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HENRY J. LANERI, III**                                                              **PETITIONER**

**v.**                                         **CIVIL ACTION NO. 1:23-cv-51-TBM-MTP**

**BURL CAIN**                                                                         **RESPONDENT**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Respondent's Motion to Dismiss [5] a pending Petition for Writ of Habeas Corpus [1] filed by Henry Laneri. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion to Dismiss [5] be granted and that the Petition for Writ of Habeas Corpus [1] be dismissed with prejudice.

**BACKGROUND**

On January 19, 2012, Petitioner—while serving a sentence for a criminal conviction in Hancock County, Mississippi—was convicted of possession of contraband in a correctional facility in the Circuit Court of Pearl River County, Mississippi, and sentenced to eight years in the custody of the Mississippi Department of Corrections ("MDOC"). ([5-1]). The court ordered that Petitioner's sentence run concurrent with his prior Hancock County sentence. ([5-1]).

Petitioner was released on parole, but on January 21, 2016, he was indicted as a habitual offender in Hancock County for two counts of possession of a controlled substance with intent to distribute. ([5-5]). As a result, on September 1, 2016, the Circuit Court of Pearl River County revoked Petitioner's parole and ordered that he serve the remainder of his sentence for possession of contraband in a correctional facility. ([5-6]).

While serving the remainder of his Pearl River County sentence, Petitioner was convicted in Hancock County Circuit Court of both counts of possession of a controlled substance with

intent to distribute. ([5-7]). For each count, the court sentenced Petitioner to serve six years in prison. The court ordered that the two sentences run concurrently but that they run consecutive to Petitioner's Pearl River County sentence. ([5-7]). The court sentenced Petitioner as a habitual offender, "without hope of pardon, parole or suspension . . . ." ([5-7]).

On February 21, 2020, Petitioner submitted a grievance through MDOC's two-step administrative remedies program ("ARP"), complaining that MDOC had not properly calculated his earned-time credit and that he should have been granted parole for the Pearl River County sentence. ([5-10] at 3). The responding prison official determined that MDOC had properly calculated his earned-time credit and that Petitioner was not entitled to parole review. ([5-10] at 5). Petitioner then proceeded to the second step of the ARP, and a prison official found his grievance to be meritless. ([5-10] at 7).

On January 26, 2021, Plaintiff appealed the ARP decision to the Circuit Court of Greene County, Mississippi. ([5-11]). On January 18, 2022, the circuit court affirmed the ARP decision and denied Petitioner any relief. ([5-12]).

On February 14, 2022, Petitioner filed a notice of appeal. ([6-1] at 53). He also submitted an application to proceed *in forma pauperis* on appeal, which the circuit court denied, noting there is no right to proceed IFP beyond the trial court in a civil matter. ([15-13]). On February 18, 2022, the Clerk of the Mississippi Supreme Court directed Petitioner to pay the filing fee for his appeal within seven days. ([6-1] at 50). On March 21, 2022, after Petitioner failed to pay the filing fee, the clerk directed Petitioner to pay within fourteen days or face dismissal. ([6-1] at 48). Petitioner did not pay the filing fee, and on May 3, 2022, the clerk dismissed his appeal. ([5-14]).

Thereafter, Petitioner filed a "Notice of Appeal," which the Mississippi Supreme Court considered as a motion to reinstate the appeal. ([5-15]). Noting that Petitioner had still not paid the filing fee, the supreme court denied the motion. ([5-15]). Petitioner then filed a "Notice of Appeal En Banc," which the supreme court considered as a motion for reconsideration and denied on November 28, 2022. ([5-16]).

On February 24, 2023, Petitioner filed his federal habeas petition asserting that (1) he has not received proper earned-time credit towards his sentences and (2) he has been denied a parole eligibility hearing for his Pearl River County sentence. On June 12, 2023, Respondent filed a Motion to Dismiss [5] arguing that Petitioner's claim concerning time credit should be dismissed as procedurally defaulted and that his claim concerning parole should be dismissed for failure to state a claim for federal habeas relief. Petitioner did not file a response.

**ANALYSIS**

*Procedural Default*

Respondent argues that Petitioner failed to exhaust his claim concerning earned-time credit and that the claim should be dismissed as procedurally defaulted. Under 28 U.S.C. § 2254(b)(1), a state prisoner seeking habeas relief is required to first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the state remedies available in the courts of the States; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the appellant.
>
> (c) An Applicant shall not be deemed to have exhausted the remedies available in

the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (internal quotations and citations omitted).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts…state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (citing *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999)); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998)). Further, exhaustion requires a habeas applicant to "'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.'" *Id*. (citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).

In Mississippi, "[a]n inmate must challenge MDOC's calculation of credit for time served by obtaining a final ARP decision and then seeking judicial review—not by filing a freestanding PCR [post-conviction relief] motion." *Easterling v. State*, 283 So. 3d 1198, 1200 (Miss. Ct. App.

4

2019).  Here, Petitioner appealed the ARP decision to the Greene County Circuit Court, where the decision was affirmed.  Petitioner then filed a notice of appeal in the Mississippi Supreme Court.  Petitioner, however, failed to pay the required filing fee after the circuit court denied his request for IFP status, and his appeal was dismissed on May 3, 2022. ([5-14]).  Accordingly, Petitioner has not presented his claim to the Mississippi Supreme Court in a procedurally proper manner and, therefore, has failed to exhaust his claim. *See McDonald v. Epps*, 2014 WL 5286884, at *3 (S.D. Miss. Oct. 15, 2014) (determining that petitioner's claims were not exhausted because the Mississippi Supreme Court had dismissed the appeal for failure to pay filing fee); *Stewart v. Mississippi*, 2008 WL 1827427, at * 2 (S.D. Miss. Apr. 21, 2008) (holding that "because [petitioner's] appeal was dismissed on a procedural default (specifically he did not pay the requisite appellate filing fee or obtain permission to proceed *in forma pauperis* on appeal), he has failed to satisfy the exhaustion requirement with regard to his claim challenging the decision of the Parole Board.") (citing *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993)).

Additionally, Petitioner's claim is procedurally defaulted because he no longer has the ability to exhaust his claim.  Pursuant to Miss. R. App. P. 4(a), Petitioner had thirty days to appeal the trial court judgment, which was entered on January 18, 2022.  That time has long passed.

Petitioner's failure to timely seek such review and pay the filing fee results in a procedural default of his federal habeas claim and bar to its review by this Court. *See Jones v. Denmark*, 2016 WL 8730177, at *3 (S.D. Miss. June 3, 2016); *see also Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (quoting *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998) (stating that when federal habeas claims "are technically exhausted because, and only because, petitioner allowed his state law remedies to lapse without presenting his claims to the state courts

. . .[,] there is no substantial difference between nonexhaustion and procedural default.")); *Sones v. Harget*, 61 F.3d 410, 416 (5th Cir. 1995) (stating that "[w]hen . . . state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims").

Where a habeas claim is procedurally barred, it may be considered on the merits by a federal court under two narrow exceptions: (1) cause for the default and actual prejudice resulting from it or (2) that a fundamental miscarriage of justice will result if his claim is not reviewed on the merits. *See Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Cause in this context is something external to the petitioner that cannot be fairly attributed to him." *Coleman*, 501 U.S. at 753. Petitioner neither filed a response to the Motion to Dismiss [5] nor otherwise argued that he has met the "cause and prejudice" test, and the record does not establish cause and prejudice. Petitioner's failure to pay the filing fee for his appeal to the Mississippi Supreme Court does not constitute sufficient cause. *See Ruff v. Bradley*, 2007 WL 670952, at *4 (N.D. Miss. Feb. 28, 2007) ("No external impediment prevented the petitioner from completing the grievance review process—including paying the costs of his appeal to the Mississippi Supreme Court—and thereafter properly raising and discussing these claims as grounds for relief in state court."); *see also Jones*, 2016 WL 8730177, at *4; *Palmer v. MDOC*, 2015 WL 5604239, at *3 (S.D. Miss. Sept. 23, 2015).

The fundamental miscarriage of justice exception is limited to cases of actual innocence. Petitioner does not claim that he is actually innocent. Therefore, Petitioner's claim does not fit within the narrow category of proceedings that implicate fundamental miscarriage of justice. *See Jones*, 2016 WL 8730177, at *4. Accordingly, Petitioner's claim concerning earned-time credit should be dismissed with prejudice as procedurally barred.

*Parole Hearing*

Turing to Petitioner's claim that he was wrongfully denied a parole hearing, Respondent argues that Petitioner has failed to state a claim for federal habeas relief. Pursuant 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus only if a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." Thus, a petitioner's claim that state courts are incorrectly applying state law is not a basis for relief. *See Beazley v. Johnson*, 242 F.3d 248, 261 (5th Cir. 2001) ("the proper interpretation of state law is *not* cognizable in federal habeas proceedings").

State laws, however, may create liberty interests protected by the Due Process Clause. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460-61 (1989). Where such a liberty interest is created, "minimum procedures appropriate under the circumstances and required by the Due Process Clause" must be followed before the state can deprive a person of that liberty interest. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). A state's system of mandatory parole creates a protected liberty interest. *See Bd. of Pardons v. Allen*, 482 U.S. 369, 373-74 (1987).

The Mississippi parole statutes applicable to Petitioner (Miss. Code Ann. § 47-7-1, *et seq.*, as they existed at the time of conviction and sentence) provide for parole which is discretionary rather than mandatory. The parole board has absolute discretion regarding parole; therefore, a prisoner has no constitutionally protected liberty interest in parole. *See Scales v. Miss. State Parole Bd.*, 831 F.2d 565 (5th Cir. 1987); *Irving v. Thigpen*, 732 F.2d 1215, 1217-18 (5th Cir. 1984); *Smith v. Miss. State Parole Bd.*, 478 Fed. Appx. 97 (5th Cir. 2012) ("The

Mississippi statutes do not create a liberty interest and federal due process rights are not implicated by the denial of parole and the procedures by which parole is denied.").[1]

Moreover, "when a prisoner has no liberty interest in obtaining parole . . . he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Wansley v. Miss. Dept. of Corr.*, 769 F.3d 309, 312-13 (5th Cir. 2014). With no state-created liberty interest in parole itself, there is no constitutional right to a parole hearing. Accordingly, Petitioner's claim should be dismissed with prejudice.

## RECOMMENDATIONS

For the reasons set forth herein, the undersigned recommends that:

1. Respondent's Motion to Dismiss [5] be GRANTED;

2. Petitioner's claim concerning earned-time credit be dismissed with prejudice as procedurally barred; and

3. Petitioner's claim concerning a parole eligibility hearing be dismissed with prejudice for failure to state a claim upon which relief can be granted.

---

[1] In 2014, Mississippi enacted Miss. Code Ann. § 47-7-18(1), which provides:

> "Each inmate eligible for parole pursuant to Section 47-7-3, shall be released from incarceration to parole supervision on the inmate's parole eligibility date, without a hearing before the board if:
> (a) The inmate has met the requirements of the parole case plan established pursuant to Section 47-7-3.1;
> (b) A victim of the offense has not requested the board conduct a hearing;
> (c) The inmate has not received a serious or major violation report within the past six (6) months;
> (d) The inmate has agreed to the conditions of supervision; and
> (e) The inmate has a discharge plan approved by the board.

However, "those amendments do not apply to prisoners . . . who were admitted prior to the amendments' effective date." *Drankus v. Miss. Parole Bd.*, 224 So. 3d 83, 85 (Miss. 2017); *Bass v. Hall*, 692 Fed. Appx. 207, 208 (5th Cir. 2017). Thus, any liberty interest created by the 2014 amendments would not inure to Petitioner as he was admitted to MDOC custody for the Pearl River County sentence in 2012. ([5-1]).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 2nd day of November, 2023.

s/ Michael T. Parker  
United States Magistrate Judge